AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware

UNITED STATES OF AMERICA

V.

Zinn R. D. McFarlin
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CRO5-85-SLR.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
    _____*

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
    X for which a maximum term of imprisonment of ten years or more is prescribed in ___21 USC §841___.
    ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    clear and convincing evidence    a preponderance of the evidence :
1. Defendant has been charged with numerous drug offenses, including distribution of more than 5 gm. of cocaine base (2 counts), and distribution of more than 5 gm. of cocaine base.
2. Defendant admitted that he uses approximately $15 worth of marijuana daily despite completing an 8 month substance abuse program.
3. Although defendant claimed that he works for his father at McFarlin Motors since 1997, his father advised that defendant has not worked for him for the past year. Defendant also claimed that he pays his mother, with whom he lives $100.month for rent. His mother claims that her son pays her when he can. Neither parent was aware of any drug usage by their son.
4. Despite his admission in paragraph 2, defendant does not feel that he currently needs substance abuse treatment.
5. Although defendant claims that he lives with his mother, his mother advised that he resides between her house and his girlfriend's home. The mother also advised that her son only lives with her when he has a fight with his girlfriend.
6. Defendant admitted to the arresting office that he has been living off of $100,000 that he makes dealing drugs.
7. Defendant's conviction history has a number of driving offenses and noise disturbances. However, in 2001 he was found guilty of possession of a nonnarcotic controlled substance, in 2001 found guilty of possession of drug paraphernalia for which he was found in violation of probation. In 2004 he pled guilty to possession of drug paraphernalia, possession of narcotic schedule II substance. He has a number of failures to appear from Wilmington Municipal court and JP courts, as well as Family Court (a total of 10 failure to appear).

FILED

NOV 2 8

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472  (Rev. 3/86) Order of Detention Pending Trial

It is obvious that defendant's place of residence is questionable and that his parents are totally unaware of defendant's drug history. Defendant is facing a minimum mandatory jail term of 5 years. Previously, defendant has only been exposed to very limited jail time.

For the reasons noted above, there are no conditions or combination thereof that will reasonably assure defendant's apperance as required and the safety of the community.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

November 28, 2005
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).