IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Action No. 05-85 (SLR) |
| | : | |
| **ZINN MCFARLIN** | : | |
| | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall, Assistant United States Attorney, and Thomas A. Dreyer, Esq., attorney for the defendant, Zinn McFarlin, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count Three of the Indictment, charging him with knowingly possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). The government agrees to dismiss Counts One and Two of the Indictment at sentencing.

2. The maximum penalty is 20 years imprisonment, lifetime supervised release (including a mandatory minimum of three years), a $1,000,000 fine, and a $100 mandatory special assessment.

3. The defendant understands that if he were to proceed to trial on Count Three of the Indictment, charging a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), the government would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) the defendant knowingly, (2) possessed, (3) with the intent to

distribute, (4) a substance containing a detectable amount of cocaine base ("crack").

4. The defendant knowingly, voluntarily, and intelligently admits that on May 4, 2004, he knowingly possessed with intent to distribute 3.6 grams of cocaine base ("crack"). In addition, the defendant knowingly, voluntarily, and intelligently admits that on the following dates he distributed the corresponding quantities of cocaine base ("crack"):

February 23, 2004 . . . . . . . . . . . 26.8 grams

April 23, 2004 . . . . . . . . . . . . . . 27.1 grams

5. Based on the defendant's actions to date, the United States agrees that the Court should grant a three-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States so agrees because the defendant has timely notified the authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Should the defendant perform any act inconsistent with affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1 subsequent to the entry of the guilty plea, the government reserves the right to modify its position on this issue.

6. The defendant agrees to pay a $100 special assessment at the time of sentencing.

7. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings,

including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea. The parties stipulate and agree that because the defendant possessed with intent to distribute and distributed a total of 57.5 grams of cocaine base ("crack"), pursuant to Sentencing Guidelines Section 2D1.1, the base offense level is 32.

9. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned

parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                                                     COLM F. CONNOLLY
                                                                     United States Attorney

_____   BY:  _____
Thomas A. Dreyer, Esq.                               David L. Hall
Attorney for Defendant                               Assistant United States Attorney

_____        Dated: 19 DEC 05
Zinn McFarlin
Defendant

**AND NOW** this __19th__ day of __December__, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

                                          _____
                                          Honorable Sue L. Robinson
                                          Chief Judge, United States District Court
                                          District of Delaware